IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VT Shareholder Representative, LLC, | § § § | No. 11, 2024 |
| Plaintiff Below, Appellant, | § § § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § | C.A. No.: 2023-0316 |
| Edwards Lifesciences Corp. and Valtech Cardio Ltd., | § § § § | |
| Defendants Below, Appellees. | § § § | |

Submitted: July 10, 2024<br>Decided:   July 31, 2024

Before **SEITZ**, Chief Justice; **VALIHURA**, and **LEGROW**, Justices.

**ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, VT Shareholder Representative, LLC, filed this appeal from a Court of Chancery decision granting the appellees' motion to dismiss under Court of Chancery Rule 12(b)(1). In its complaint, VT Shareholder claimed that Edwards Lifesciences Corporation breached the parties' merger agreement by failing to use commercially reasonable efforts to achieve certain milestones that would have triggered VT Shareholder's right to earn-out payments. The Court of

Chancery held that those claims were not ripe because the earn-out period had not expired. VT Shareholder asserts that the Court of Chancery erred in its ripeness determination, misinterpreted a key section of the merger agreement, and improperly dismissed the claims based on Edwards's misrepresentations about its ongoing efforts to achieve the milestones.

(2) We conclude that the judgment below should be affirmed on the basis of and for the reasons assigned by the Court of Chancery in its December 12, 2023 Memorandum Opinion granting the motion to dismiss.

(3) On May 30, 2024, while this appeal was pending, VT Shareholder moved to supplement the record on appeal to include a quarterly report that Edwards filed with the Securities and Exchange Commission on April 29, 2024. The report indicates that Edwards has determined that "the probability of milestone achievement" is "0%."[1] This Court entered an order deferring consideration of the motion to supplement until consideration of the merits of the appeal.

(4) We conclude that the motion to supplement should be denied. Although we do not have a court rule permitting a party to supplement the record on appeal, our decision in *Getty Oil Co. v. Heim* recognizes our inherent discretion to consider such an application.[2] In *Getty Oil*, we explained that this Court generally

---

[1] Appellant's Motion to Supplement the Record May 30, 2024 (DI 26).
[2] 372 A.2d 529 (Del. 1977).

2

"refuses to consider evidence which was not part of the record below," and that "[o]n appeal, our function is to review the record, not to provide a forum to make it."[3]  In *Getty Oil*, however, we considered newly obtained deposition testimony of an eyewitness to the accident because (1) exceptional circumstances existed; (2) the deaths at issue in the case had occurred more than six years earlier; (3) the trial was imminent; and (4) a ruling resolving the issue on appeal would have significant implications for the trial.[4]

(5)    The new evidence that VT Shareholder offers in this case differs substantially from the eyewitness testimony at issue in *Getty Oil*.  Edwards's recent 10-Q reflects an accounting decision regarding carrying contingent liabilities on interim financial statements.  This information does not carry the same level of urgency or the same potentially dispositive effect as the new deposition testimony in *Getty Oil*.[5]  If anything, the ongoing developments indicate that the situation is still evolving, and the statement in the 10-Q does not move this case into the stage in which there is a "concrete and final," "static" set of facts for adjudication,[6] which is the standard required for a ripe declaratory judgment action.

---

[3] *Id*. at 534.
[4] *Id*.
[5] *Getty Oil*, 272 A.2d at 534.
[6] *VT Shareholder Representative, LLC v. Edwards Lifesciences Corp.*, 2023 WL 8597956, at *6–*7 (Del. Ch. Dec. 12, 2023).

(6)     Moreover, it is impossible to predict how this one additional fact might have affected the trial court's analysis, if at all, and considering it for the first time on appeal would contravene our long-established practice of reviewing the record that the trial court considered, rather than considering new evidence that was not made available to the court.  Further, and again unlike *Getty Oil*, there is little to gain from considering the new evidence.  Nothing in the new evidence that the appellant urges us to consider changes the fact that if Edwards ultimately fails to achieve one or more of the milestones at the end of the earn-out period, VT Shareholder will be able to bring an action at that time to "recover the exact same damages sought in the present lawsuit."[7]

NOW THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED and Appellant's Motion to Supplement the record is DENIED.

BY THE COURT:


*/s/ Abigail M. LeGrow*
Justice

---

[7] *Id*. at \*9.